IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cr-32-MEF |
| | ) | |
| HERMELINDO RODRIGUEZ-GALICIA | ) | (WO – DO NOT PUBLISH) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Hermelindo Rodriguez-Galicia's Motion for Reconsideration, (Doc. # 35), and his Motion to Withdraw Plea of Guilty. (Doc. # 36). For the reasons set forth below, these motions are due to be DENIED.

## BACKGROUND

On February 8, 2010, Hermelindo Rodriguez-Galicia ("Defendant") was arrested in Clanton, Alabama after attempting to flee a police officer and ramming his car into the officer's vehicle. (Doc. # 35, at 5). The Clanton Police Department had received a call regarding a white Isuzu Rodeo up on the curb in the parking lot of the Sav Mor Associated Foods store. *Id.* Officer Alvin B. Winters responded and arrived at the lot, parking his vehicle one car length behind the Isuzu. *Id.* An intoxicated Defendant "attempted to leave" in the Isuzu, striking the front bumper of Officer Alvin's car. *Id.* at 5–6. After being arrested for these events, Defendant pled guilty to misdemeanor charges of DUI and criminal mischief on February 16, 2010. (Doc. # 36, at 6).

On April 1, 2010, Defendant was indicted by a federal grand jury for being found

1

within the United States, after having been previously deported on August 2, 2006 and October 26, 2006, without having obtained the express consent of the Secretary of Homeland Security and the Attorney General of the United States to reapply for admission into the United States, in violation of 8 U.S.C. § 1326(a).  (Doc. # 1).  Defendant entered a non-binding guilty plea pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B) on June 8, 2010.  (Doc. # 21).  Under this plea agreement, the government agreed to recommend time served, which was approximately seven months.  *Id.* at 2.

At the sentencing hearing on August 11, 2010, the Court stated the sentence as twenty-four months, the statutory maximum.  (Doc. # 31, at 13–14).  Defendant's counsel objected and made oral motions to withdraw the guilty plea and to reconsider the sentence.  *Id.* at 15.  This Court granted counsel seven days to file written motions.  *Id.*  The Court withheld written judgment and ordered the sentence imposed as stated.  *Id.* at 16.  On August 19, 2010, Defendant filed a Motion for Reconsideration, (Doc. # 35), and a Motion to Withdraw Plea of Guilty.  (Doc. # 36).

## DISCUSSION

**I.** *Motion for Reconsideration*

In the Motion for Reconsideration, Defendant alleges three errors in this Court's sentencing decision.  First, Defendant alleges that the Court was provided with inaccurate information in regards to his Immigration and Customs Enforcement ("ICE") records.

2

(Doc. # 35, at 3–5). He contends that a correct reading of the ICE records reveals that he had illegally entered the United States three times, not six, and had been deported two times, not four. *Id.* Based upon Defendant's reading of the ICE records, he alleges that he should not have been assessed a criminal history point for a July 2007 conviction. *Id.* at 5. Second, Defendant argues that his conduct on February 2010, which resulted in the two misdemeanor convictions, was neither willful nor wanton. *Id.* He characterizes his actions as "cooperative" but so intoxicated that he could not stand. *Id.* at 6. He also objects to this Court's characterization of his actions as an assault on Officer Alvin. *Id.* Finally, Defendant argues that his February 2010 convictions violated both the Alabama Rules of Criminal Procedure and the Fourth Amendment. *Id.* at 6–7. In essence, Defendant argues that he did not waive his right to counsel for these charges and that he was not provided with a judicial determination of probable cause prior to his extended incarceration after arrest. *Id.* at 7 n.7.

**A. *Legal Standard***

Though not expressly authorized under the Federal Rules of Criminal Procedure, motions for reconsideration of a district court order in a criminal case have been permitted by the Eleventh Circuit and the Supreme Court. *See United States v. Vicaria*, 963 F.2d 1412, 1413–1414 (11th Cir. 1992) (citing *United States v. Dieter*, 429 U.S. 6, 8–9 (1976)). However, with regards to sentencing decisions in particular, "[a] district court does not have the inherent authority to modify an imposed prison sentence." *Nettles*

*v. U.S.*, No. 7:03-cr-22(HL), 2009 U.S. Dist. LEXIS 7932 at *1; *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("Generally, a district court may not modify a term of imprisonment once imposed."). Under 18 U.S.C. § 3582(c), this Court "may not modify a term of imprisonment *once it has been imposed*" unless the case falls into one of three situational exceptions: (1) upon motion of the Director of the Bureau of Prisons; (2) to the extent expressly permitted by statute or by Federal Rule of Criminal Procedure 35; and (3) when the Sentencing Commission has lowered the sentencing range for the defendant's offense and made that reduction retroactive. 18 U.S.C. § 3582(c) (emphasis added); *see also Nettles*, 2009 U.S. Dist. LEXIS 7932 at *1–2.

   B. *Analysis*

This Court orally imposed the sentence at the August 11, 2010 sentencing hearing. (Doc. # 31, at 16) ("The sentence is ordered imposed as stated."). Thus, unless the instant case falls within one of the three exceptions to § 3582(c), this Court lacks the authority to modify the imposed sentence. Because there has been no motion by the Director of the Bureau of Prisons and no reduction in the sentencing range for Defendant's offense, the first and third exceptions are clearly inapplicable. Defendant's sentence can therefore be modified only if the instant case falls within a statutory exception or Rule 35.

"There are two statutory exceptions to § 3582(c): (1) 28 U.S.C. § 2255, which authorizes a court to vacate, set aside, or correct the sentence of a prisoner whose sentence was imposed in violation of the Constitution or laws of the United States; and

4

(2) 28 U.S.C. § 2106, which permits resentencing on remand from a court of appeals or the Supreme Court." *Nettles*, 2009 U.S. Dist. LEXIS 7932 at *2.  Neither of these statutory exceptions apply in the instant case.  This case is not on remand from an appellate court or the Supreme Court, and the Defendant has not alleged that the sentence itself was imposed in violation of the Constitution or federal law.[1]

"The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *United States v. Phillips*, 597 F.3d 1190, 1195 (11th Cir. 2010). Rule 35 provides for a district court's modification of an imposed sentence in two situations.  "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a). Additionally, upon the government's motion, a district court may reduce the sentence of a defendant who has provided substantial assistance to the government.  Fed. R. Crim. P.

---

[1] Defendant's state law arguments that these convictions violated Alabama's Rules of Criminal Procedure clearly do not fall under the statutory exception relating to violations of the Constitution or federal law.  Similarly, Defendant's arguments relating to this Court's characterization of his February 2010 actions do not fall within this exception.  Although Defendant argues that his February 2010 misdemeanor convictions violated his Fourth Amendment right to counsel, these convictions did not serve as the basis for the sentencing decision at issue here.  Instead, the Court relied, in part, upon the underlying conduct of Defendant on February 8, 2010.  Defendant has not disputed these underlying facts, only the Court's interpretation of them.  This Court sentenced Defendant to the statutory maximum based upon the underlying conviction for illegal reentry into the United States, his multiple prior attempts at entry into the United States, and his drunken attempt to flee when discovered within the United States on February 8, 2010.  The Defendant has not alleged that this sentencing decision, or the basis for it, violated the Constitution or federal law.

35(b). Rule 35(b)'s exception is inapplicable as the government has filed no such motion.

As for Rule 35(a), this Court lacks jurisdiction because more than fourteen days have passed since the sentencing on August 11, 2010. *See* Fed. R. Crim. P. 35(c) ("As used in this rule, "sentencing" means the oral announcement of the sentence."); *see also United States v. Morrison*, 204 F.3d 1091, 1092–93 (11th Cir. 2000) ("The [fourteen-day] period set out in [Rule 35(a)] begins to run when the sentence in a case is orally imposed, and when [fourteen] days are up the court loses jurisdiction to correct a sentence under that subdivision of the rule."). This is true even though Defendant filed his Motion for Reconsideration within the fourteen-day period. *Cf. Morrison*, 204 F.3d at 1092–93 (holding that, under the previous seven-day time period, the district court lacked jurisdiction to modify a defendant's sentence thirteen days after oral imposition of sentence even though the court had already vacated the original sentence within the applicable time period). Thus, this Court holds that the instant case does not fall within any of the exceptions provided for in § 3582 and that this Court therefore lacks the authority to modify the imposed sentence. For the foregoing reasons, the Court finds no basis for granting the relief requested in the Motion for Reconsideration.

## II. *Motion to Withdraw Plea*

### A. *Legal Standard*

The Federal Rules of Civil Procedure provide different standards for withdrawing a guilty plea based upon when the motion to withdraw is made. *See* Fed. R. Crim. P.

6

11(d)–(e).  Where, as here, the defendant seeks to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence," he may do so only by "show[ing] a fair and just reason for requesting the withdrawal." *Id.* 11(d)(2)(B).  Thus, a defendant bears the burden of establishing a fair and just reason for withdrawal of his guilty plea. *See United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1998).  "Although this portion of the rule is to be liberally construed, 'there is no absolute right to withdraw a guilty plea prior to imposition of a sentence.'" *United States v. Arnaiz*, 144 Fed. Appx. 27, 30 (11th Cir. 2005) (quoting *Buckles*, 843 F.2d at 471).

Whether to allow withdrawal of a guilty plea rests in the "sound discretion of the trial court." *Buckles*, 843 F.2d at 471.  This Court is to consider the "totality of the circumstances surrounding the plea," including the following four factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved, and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 471–72 (internal citations omitted).  "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Id.* at 472.

7

**B.** *Analysis*

  **i.** *Close Assistance of Counsel*

Defendant's sole argument relating to the assistance provided by his counsel is that she repeatedly assured him that he would likely receive a sentence of time served, whereas he actually received the statutory maximum of two years. (Doc. # 36, at 4). However, dissatisfaction with the sentence imposed, as compared to the sentence counsel advised was likely, does not provide a sufficient basis to find ineffective assistance of counsel. *Cf. McMann v. Richardson*, 397 U.S. 759, 771 (stating that the determination of effective assistance of counsel during the entry of a guilty plea should "not [depend] on whether a court would retrospectively consider counsel's advice right or wrong," in part because "uncertainty is inherent in predicting court decisions").[2] Rather, close assistance

---

[2] The *McMann* Court stated that "a defendant pleading guilty to a felony charge has a federal right to assistance of counsel," which has been interpreted to be "the right to effective assistance of counsel." 397 U.S. at 771 n.14. The Court further clarified the standard for determining if close assistance of counsel had been provided:
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. . . . Whether a plea of guilty is unintelligent . . . depends as an initial matter, *not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases*. On the one hand, uncertainty is inherent in predicting court decisions; but on the other hand defendants facing felony charges are entitled to the effective assistance of competent counsel. Beyond this we think the matter, for the most part, should be *left to the good sense and discretion of the trial courts* with the admonition that if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsels, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts.

*Id.* at 770–71 (emphasis added).

8

of counsel is lacking where counsel acted outside the "range of competence demanded of attorneys in criminal cases." *Id.*

Here, Defendant's counsel acted within the required range of competence when advising Defendant to plead guilty because there was sufficient evidence to support the charge against Defendant. *See, e.g.*, *Arnaiz*, 144 Fed. Appx. at 30 (affirming the denial of a motion to withdraw a guilty plea where the district court found, in part, that counsel was not ineffective for advising the defendant to plead guilty because there was sufficient evidence to support the indictment). Defendant was charged with illegal reentry into the United States pursuant to 8 U.S.C. § 1326(a). (Doc. # 1). There are sufficient facts in the record to support the four elements of illegal reentry. First, the Government alleges that Defendant was an alien on or about February 8, 2010, the time alleged in the indictment, and Defendant does not dispute this. Second, Defendant admits the Government's allegations that he had been previously deported from the United States on August 2, 2006 and October 26, 2006. (Doc. # 36, at 5–6). After these deportations, the Government alleges that Defendant knowingly reentered or was found to be voluntarily in the United States. The facts support this allegation as Defendant was arrested in Alabama in February of 2010, and Defendant does not deny that he reentered knowingly or that he was in the United States voluntarily. Finally, the Government alleges, and the Defendant does not deny, that Defendant had failed to receive the consent of the Secretary of Homeland Security or the Attorney General of the United States to apply for readmission

to the United States.

Furthermore, Defendant's counsel admits to "review[ing] both the plea agreement and the presentence report" with Defendant. (Doc. # 36, at 4–5). Counsel concedes that she explained that such a sentence was merely a recommendation and not a guarantee. *Id.* at 4 ("Undersigned counsel repeatedly emphasized to the defendant that the government had agreed to *recommend* 'time served,' that the defendant would *qualify* for a 'time served' sentence under the guidelines, that defense counsel would *request* a 'time served' sentence, and that even the high end of the applicable guideline range would not require much additional time in confinement.") (emphasis added). This supports a finding of close assistance of counsel. *See United States v. Byrne*, No. 09-14059-CR-MOORE/LYNCH, 2010 U.S. Dist. LEXIS 55861 at *6 (S.D. Fla. June 4, 2010) (finding close assistance of counsel where the defendant's counsel admitted that the defendant had close assistance throughout the case). The "emphasis on the recommendation of 'time served'" also occurred in the plea colloquy when the agreement was summarized. (Doc. # 36, at 4).[3]

Finally, Defendant's own testimony indicated that he had close assistance of counsel. During the plea colloquy, when asked whether he had fully discussed the charge

---

[3] The summary provided was: "Your honor, this is a one-count indictment. The defendant has agreed to plead guilty to the indictment under the provisions of 11(c)(1)(B). We agree that because of the acceptance of responsibility, he should receive two levels under the guidelines for acceptance and that we will recommend to the sentencing court that he be sentenced to a sentence of time served." (Doc. #24, at 3–4).

10

and the case in general with his counsel, Defendant responded in the affirmative. (Doc. # 24, at 5). He then assured the court that he was fully satisfied with his counsel's representation and advice and that he had not been forced to plead guilty. *Id.* at 5–6. Defendant also agreed that he had read and discussed the plea agreement with his counsel or that it had been read to him before he signed it. *Id.* at 6. Thus, this Court finds that Defendant received close assistance of counsel and that this factor weighs against permitting withdrawal of Defendant's guilty plea. *See, e.g.*, *Arnaiz*, 144 Fed. Appx. at 30 (affirming a finding of close assistance of counsel where the defendant stated: (1) that he had discussed the charges and plea agreement with his attorney; (2) that he was satisfied with his representation; and (3) that he had not been forced to plead guilty); *see also Byrne*, 2010 U.S. Dist. LEXIS 55861 at *6.

### ii. *Knowing and Voluntary Plea*

In regards to a knowing and voluntary plea, Defendant argues that his plea was not voluntary because it was "entered into under a false assumption of criminal status." (Doc. # 36, at 2–3) (citing *U.S. v. Hourihan*, 936 F.2d 508, 510–11 (11th Cir. 1991); *U.S. v. Johnson*, 973 F.2d 857, 861 (10th Cir. 1992)). However, *Hourihan* and *Johnson* involved misinformation about the minimum and maximum sentences at issue, *Hourihan*, 936 F.2d at 510; *Johnson*, 973 F.2d at 861, which must be included in the plea colloquy before the plea is accepted. Fed. R. Crim. P. 11(b)(1)(H)–(I). Here, however, Defendant appears to be reiterating his arguments regarding the alleged misreading of his ICE records and the

11

alleged illegality of his February 2010 convictions. These arguments relate to the factual basis underlying the Court's *sentencing* decision, and not to anything concerning the entry of the guilty plea itself. Thus, this Court finds them to be inappropriate considerations in its disposition of the Motion to Withdraw.[4]

Defendant's counsel also argues that the need for a Spanish-speaking interpreter who was not physically present in the courtroom points to the conclusion that the plea was not knowing and voluntary. (Doc. # 36, at 3). Defendant's counsel contends that, because an interpreter was involved, "it was impossible to determine to what extent [Defendant] understood the vocabulary and meaning of all portions of these documents." *Id.* at 4–5. Counsel also points out that the interpreter herself "became confused

---

[4] Defendant also points to this allegedly inaccurate and incomplete information as ground for rendering the plea agreement voidable based upon mutual mistake of fact. (Doc. # 36, at 1). According to the Defendant, plea agreements are determined and applied according to contractual interpretation. *Id.* (citing *United States v. Jeffries*, 908 F.2d 1520, 1523 (11th Cir. 1990). As such, he contends that plea agreements based upon a mutual mistake of fact are voidable by the adversely affected party. *Id.* (citing Restatement (Second) of Contracts § 152 (1979)).

This Court finds these alleged mutual mistakes unpersuasive as grounds for withdrawing the guilty plea. Although the *Jeffries* court analogized to contract law for purposes of interpreting and applying plea agreements, it also emphasized that "[t]his analogy ... should not be taken too far." *Id.* The actual holding in *Jeffries* was that ambiguous terms in a plea agreement should be interpreted in favor of the defendant, *id.*, not that contract principles like a mutual mistake of fact could render entire plea agreements voidable. Furthermore, even assuming that a mutual mistake of fact could theoretically render plea agreements voidable, this would only occur where the mutual mistake was made as to a basic assumption underlying the plea agreement, not to immaterial facts. *See* Restatement (Second) of Contracts § 155 ("Where a mistake of both parties at the time a contract was made as to a *basic assumption* on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake.") (emphasis added). The alleged mutual mistakes at issue here underlie the Court's sentencing decision, not the guilty plea itself, and therefore provide no grounds for voiding the plea agreement.

regarding the implications of the recommendation," further emphasizing that Defendant was unlikely to understand the legal impact of the plea agreement. *Id.* at 4 ( "Under these circumstances, the legalistic statement that 'the terms of the plea agreement are merely recommendations to the Court, that the Court can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you may anticipate' would likely not counter the distinct impression, intentionally given by counsel, that the probable sentence was seven months or less.") (citing Doc. # 24, at 7).[5]

This Court finds this argument unpersuasive. The use of an interpreter is not uncommon and does not, alone, render a guilty plea involuntary and unknowing. *Cf. United States v. Gonzalez-Mercado*, 808 F.2d 796, 799–800 (11th Cir. 1987).[6] Where, as here, the defendant has not provided his own, allegedly different, understanding of the plea agreement, this Court "cannot speculate" as "to the extent that the [defendant] did

---

[5] Counsel also points out that Defendant responded to the court's questions with mostly one-word answers, that he occasionally answered before some questions were complete, and that he failed to respond to any question with a complete sentence. *Id.* at 3. This Court finds these arguments to be without merit. Defendant was asked mostly yes-or-no questions, so it is unsurprising that he responded mostly with one-word answers. Furthermore, there is no indication that Defendant's interrupting of the Court and answering before a question was fully asked, as well as his failing to use a complete sentence, was the product of involuntariness or lack of understanding, as opposed to the more likely explanation of nervousness at the gravity of the situation.

[6] While affirming the denial of a motion to withdraw a guilty plea in *Gonzalez-Mercado*, the Eleventh Circuit noted that the defendant had previously conferred, through an interpreter, with his counsel prior to the plea colloquy. 808 F.2d at 799. Furthermore, at the plea colloquy, the district court "thoroughly engaged in the Rule 11 colloquy" with the defendant, again through an interpreter. *Id.*

not understand or failed to note his misunderstanding." *Id.* at 799.  Rather, "the district court must rely solely on the [defendant's] sworn statement that he committed the alleged offense, understood the possible consequences of his guilty plea, and waived his right to trial." *Id.* at 799–800; *see also id.* at 800 n.8 (stating that when a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true").

When accepting a plea, the court must address three core principles underlying Rule 11 to ensure that the plea is made knowingly and voluntarily: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Jones*, 143 F.3d 1417, 1418–1419 (11th Cir. 1998).  Here, the Defendant testified at the plea colloquy that he had been given no promise or assurance not in the plea agreement.  (Doc. # 24, at 6).  He further stated that he had not been threatened in any way into accepting the plea agreement.  *Id.*  Furthermore, Defendant testified that he had fully discussed the charge against him and the case in general with his counsel.  *Id.* at 5.  Defendant agreed that he had reviewed the plea agreement with his counsel, *id.* at 6, which Defendant's counsel admits to also.  (Doc. # 36, at 4–5).  He stated that he understood the terms of the agreement, (Doc. # 24, at 6), and that he understood that the terms were mere recommendations to the Court.  *Id.* at 7.

At no point has Defendant himself contradicted these sworn statements and

asserted that he was coerced, that he did not understand the charge, or that he did not understand the terms of the plea agreement. Vague assertions by Defendant's counsel that it was unclear how much Defendant understood the plea agreement are insufficient to overcome his own sworn statements. Finally, a psychological evaluation performed on August 19, 2010 at the request of Defendant's counsel reveals that Defendant understood that he could receive a sentence of up to two years under the plea agreement. (Doc. # 42-1, at 5). More specifically, the psychological examination stated that Defendant "understood a period of 6 to 24 months as being a *range* of possible sanctions that could be imposed upon him." *Id.* Defendant was "indeed clear on that point" but "was hoping . . . that he would get the lower end of that range of sanctions." *Id.* Thus, this Court finds that the core concerns underlying Rule 11 are met and that a knowing and voluntary plea has been demonstrated by Defendant's own testimony, his counsel's concessions, and his psychological evaluation. Thus, this factor weighs against allowing Defendant to withdraw his guilty plea.

### iii. *Conservation of Judicial Resources and Prejudice to the Government*

The third and fourth factors, namely the conservation of judicial resources and prejudice to the government, do not carry as much weight as the first two factors. *See Gonzalez-Mercado*, 808 F.2d at 801 ("Because the [defendant] received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, we conclude that the district court did not abuse its discretion. In making this determination

we do not give the third factor . . . considerable weight.  Nor do we give particular attention to the possibility of prejudice to the government caused by the withdrawal of the plea.").

Here, judicial resources would be conserved by denying the withdrawal because Defendant seeks to withdraw his guilty plea "without any factual or legal basis to do so . . . and after signing a plea agreement with the Government . . . and freely and voluntarily pleading guilty in open Court after a thorough Rule 11 inquiry." *Byrne*, 2010 U.S. Dist. LEXIS 55861 at *10–11; *see also United States v. Luczak*, No. 2009 U.S. Dist. LEXIS 44538 at *11 ("[J]udicial resources would not be conserved by allowing the needless withdrawal of valid guilty pleas.").  This Court finds that allowing withdrawal of this valid guilty plea and proceeding to trial would result in the expenditure of significant judicial resources.  *See Byrne*, 2010 U.S. Dist. LEXIS 55861 at *11 ("Ultimately, significant judicial resources would be expended in conducting a trial.").  This factor weighs against permitting withdrawal of Defendant's guilty plea.

With regards to potential prejudice to the Government, Defendant argues that "[w]ithdrawal [of a plea] shortly after the event will rarely prejudice the Government's legitimate interests."  (Doc. # 36, at 3) (quoting *U.S. v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975) ("A swift change of heart is itself a strong indication that the plea was entered in haste and confusion . . .")).  However, this Court notes that the timing of this withdrawal motion reflects dissatisfaction with the sentencing decision, and not a swift

16

change of heart as to the entry of the guilty plea. Although only two months passed between Defendant's entry of the guilty plea on June 8, 2010 and the oral motion to reconsider on August 11, 2010, Defendant sought to withdraw his plea only after this Court stated that it would impose the statutory-maximum sentence of two years. This Court does not believe that mere dissatisfaction with the stated sentence provides adequate grounds to permit withdrawal of a guilty plea. However, even assuming that this factor weighed in favor of allowing withdrawal, this Court finds that, in considering all of the factors under the totality of the circumstances, Defendant has failed to establish a fair and just reason for withdrawal.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion for Reconsideration (Doc. # 35) and Motion to Withdraw Plea of Guilty (Doc. # 36) are DENIED.

The Court will enter a separate final judgment consistent with this Memorandum Opinion and Order.

DONE this the 17th day of September, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE